IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STANLEY JONES,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **CDK GLOBAL LLC,** a Delaware limited liability company, <br><br> *Defendant*. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Stanley Jones ("Jones" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant CDK Global LLC ("CDK" or "Defendant") to stop CDK from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers, including to consumers who have registered their phone numbers on the national Do Not Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by CDK's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**INTRODUCTION**

1. CDK provides technology solutions to the automotive industry, including marketing and inventory management for automotive dealers.[1]

---

[1] https://www.cdkglobal.com/us/automotive

2. CDK offers services to dealers such as digital advertising, digital websites, and the CDK Global SMS Program through which automotive dealers can communicate with their customers using text messages.[2]

3. CDK also offers CarZoom.net, a site through which consumers can seek auto financing.[3]

4. CarZoom.net is a d/b/a of CDK:

> By providing your phone number and email address above and clicking "Continue To Last Step!" you expressly agree to receive live, autodialed, prerecorded calls, text messages and/or emails regarding automotive marketing-related offers from CDK Global LLC d/b/a Carzoom.net, agents and third-party partners. You can unsubscribe by clicking on the "Marketing Opt Out" link below. Consent is not required to purchase goods or services. Message and data rates may apply. Website use is subject to our Terms of Use and Privacy Statement, which provide information on sharing and use of your personal information. [4]

5. In order to provide leads for its business partners, CDK sends out autodialed text messages to consumers that direct them to visit CarZoom.net in order to view vehicles that are for sale close to the consumers, and to receive financing options.

6. The text messages sent out by CDK are solicitations that encourage the purchase of vehicles with different financing options that are provided directly by CDK.

7. Unfortunately, such text messages are sent using an autodialer without the required prior express written consent of the consumer to receive these autodialed text messages. To make matters worse, consumers are receiving multiple text messages, regardless of whether they have their phone number registered on the DNC.

8. In Plaintiff's case, he received 2 unsolicited autodialed text messages to his cellular phone from Defendant directing him to view vehicles that are available for sale on CarZoom.net and other CDK-owned websites.

---

[2] https://www.cdkglobal.com/global/cdk-global-sms-program
[3] https://www.instagram.com/_carzoom_/
[4] https://carzoom.net/start/cz_start_tc3.php?a=1k1p1k1h1i1h1j1l1i#pii_step

9. In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief, requiring CDK to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, and otherwise telemarketing to phone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes.

## PARTIES

10. Plaintiff Jones is a Campbellsburg, Kentucky resident.

11. Defendant CDK is a Delaware registered limited liability company with its head office located in Hoffman Estates, Illinois. CDK does business throughout this District and throughout the United States.

## JURISDICTION AND VENUE

12. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

13. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, and because the wrongful conduct giving rise to this case was directed from this District.

## COMMON ALLEGATIONS

### CDK Sends Unsolicited Text Messages Using an Autodialer

14. CDK is open about the fact that it sends text messages using an autodialer. On the CarZoom.net website owned by Defendant CDK, CDK provides the following consent language:

> By providing your phone number and email address above and clicking "Continue To Last Step!" you expressly agree to receive live, autodialed, prerecorded calls, text messages and/or emails regarding automotive marketing-related offers from CDK Global LLC d/b/a Carzoom.net, agents and third-party partners. You can unsubscribe by clicking on the "Marketing Opt Out" link below. Consent is not required to purchase goods or services. Message and data rates may apply. Website use is subject to our Terms of Use and Privacy Statement, which provide information on sharing and use of your personal information.
>
> **Continue To Last Step!**

[5]

15. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "STOP," the text messages' commercial and generic content, that substantively identical texts were sent to multiple recipients, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

16. Consumers have posted complaints online regarding text messages they received from, or on behalf of CDK:

- "2 texts, in order below:
  AutoSaver: Found 21 Trucks starting at $84/mo! Shop now at: http://txt2c.com/a32/?429015149 Reply STOP to cancel
  AutoSaver: 1,000s of Trucks added this week. Browse vehicles from $82-$189+/mo. Search local deals now: http://txt2c.com/a19/?429015149 Reply STOP to cancel
  Replied stop. Let's see what happens, I guess."[6]

- "8 messages from this number, all unsolicited."[7]

---

[5] https://carzoom.net/start/cz_start_tc3.php?a=1k1p1k1h1i1h1j1l1i#pii_step
[6] http://shortcodes.org/uncategorized/24587-short-code/
[7] *Id.*

4

17. Defendant CDK benefits financially from the text messages it sends or has sent on its behalf.

18. On April 21, 2017, Plaintiff Jones registered his cellular phone number on the DNC in order to avoid receiving unwanted phone and text solicitations.

19. His cellular phone number is not used for business but is used for personal use.

20. On May 31, 2019 at 5:32 PM, Jones received an unsolicited, autodialed text message to his cell phone from Defendant using shortcode 24587:



21. Visiting the txt2c.com link provided in the text message leads direct to: http://everyauto.com/fb/listings_dy_t2_addr_cb_ux20171102_nf.php?a=1k1p1i1j1n1p1o1i1l&zip=41098&model=All&make=All&car_type=Car&mileage=0&radius=50&em_ar=afpar_sms_ar7.

22. EveryAuto.com is another domain owned and operated by CDK.[8]

23. CDK uses EveryAuto.com to provide consumers with a search option that provides new and used cars for sale, vehicle financing options, car values, research and reviews, and dealer ratings. As with CarZoom.net, CDK profits from the use of EveryAuto.com through vehicle financing:

---

[8] https://everyauto.com/privacy_20180425.php



24. On June 1, 2019 at 11:31 AM, Jones received a second unsolicited, autodialed text message on his cell phone from Defendant, again using shortcode 24587:



---

[9] https://everyauto.com/finance/index_cd.php

6

25. The text message that Jones received on June 1, 2019 indicates zip code 41098, which is more than 25 miles from Plaintiff.

26. Plaintiff has never had a relationship with CDK and has never provided CDK consent to contact him.

27. The unauthorized text messages sent by CDK, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Jones's use and enjoyment of his cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

28. Seeking redress for these injuries, Jones, on behalf of himself and two Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones, including solicitation text messages to phone numbers protected by the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims

29. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform Defendant used to text message Plaintiff, (4) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff, or (b) it did not obtain prior express consent.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) texted more than one time; (2) within any

12-month period (3) where the person's telephone number had been listed on the DNC for at least thirty days; (4) for a substantially similar reason that Defendant texted Plaintiff; and (5) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff, or (b) Defendant did not obtain prior express consent.

30. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

31. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

> (a) whether Defendant used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;
>
> (b) whether Defendant sent unsolicited text messages to phone numbers registered on the DNC;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA; and

8

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

33. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to the Classes.

34. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodial No Consent Class)**

35. Plaintiff repeats and realleges paragraphs 1 through 34 of this Complaint and incorporates them by reference.

36. Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

37. These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

38. Defendant's conduct was negligent, wilful, or knowing.

39. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to between $500 and $1,500 for each and every text message.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

40. Plaintiff repeats and realleges the paragraphs 1 through 34 of this Complaint and incorporates them by reference.

41. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were

10

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

43. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. As a result of Defendant's conduct, Plaintiff and other members of the Do Not Call Registry Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jones, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above, and appointing Plaintiff as the representative of the Classes and his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Jones requests a jury trial.

Respectfully Submitted,

**STANLEY JONES**, individually and on behalf of those similarly situated individuals

Dated: August 19, 2019              /s/ *Juneitha Shambee*
                                    Juneitha Shambee, Esq.

Shambee Law Office, Ltd.
701 Main St., Ste. 200A
Evanston, IL 60202
(773) 741-3602
juneitha@shambeelaw.com

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Fl
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*Pro Hac Vice Motion Forthcoming*